IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-841-BO

| | | |
|---|---|---|
| CHONITA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 12, 2018, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB on September 11, 2014, alleging disability since September 8, 2014. After initial denials, a video hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found plaintiff's anxiety disorder to be a severe impairment but found at step three that such

impairment did not meet or equal one of the impairments in the Listing of Impairments (Listing). 20 C.F.R. Pt. 404, Subpt. P, App. 1. At step four, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels but that nonexertional limitations to simple, routine, repetitive tasks and only brief and superficial interaction with the public or co-workers were appropriate. The ALJ found that plaintiff was unable to perform her past relevant work as a personnel clerk or laundry operator, but found at step five, that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. These jobs included street cleaner, sandwich board carrier, and agricultural produce sorter. Thus, the ALJ determined that plaintiff was not disabled as of the date of the decision.

Prior to the date of the ALJ's decision, plaintiff was assigned a permanent disability rating of 100% by the Department of Veterans Affairs (VA) effective November 13, 2014. Tr. 22; 154. "[I]n making a disability determination, the SSA [Social Security Administration] *must* give substantial weight to a VA disability rating." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (emphasis added). An ALJ may afford less weight to a VA disability determination, but only "when the record before the ALJ clearly demonstrates that such deviation is appropriate." *Id.* Here, the ALJ gave little weight to the VA's disability rating, noting that the process used by the VA is fundamentally different from the Social Security Administration's process and that the VA does not perform a function by function analysis. Tr. 22. In no way, then, did the ALJ explain how the record in this case would support a deviation from the VA's determination, and thus the failure to give the VA rating substantial weight is not supported by substantial evidence and was in error. *See also Pridgen v. Colvin*, No. 4:15-CV-

3

00095-F, 2016 WL 4047058, at *4 (E.D.N.C. June 30, 2016), *report and recommendation adopted*, No. 4:15-CV-00095-F, 2016 WL 4046763 (E.D.N.C. July 27, 2016) (noting that merely citing the difference in VA and SSA standards does not satisfy *Bird*).

Plaintiff's VA rating of 100% disabled was based on a rating of 50% disabled due to generalized anxiety disorder with agoraphobia, panic disorder, and insomnia, Tr. 153, and the ALJ found plaintiff's anxiety disorder to be a severe impairment. Plaintiff testified at the hearing before the ALJ that she been treated for anxiety since 2009 following her involvement in an improvised explosive device incident while on active duty in Iraq, that she continues to take medications to treat her anxiety, that she stays in her room most of the day, that she sleeps three to four hours per night, that she can focus on tasks for approximately ten minutes, and that she experiences panic attacks approximately two to three times per week. Tr. 44-50. Plaintiff's panic attacks last approximately five minutes, Tr. 550, and during an attack plaintiff's chest hurts, her left arm goes numb, and she feels like she cannot breathe. Tr. 50. The VA treatment records corroborate plaintiff's hearing testimony and reveal that during the relevant time period plaintiff suffered from poor sleep, difficulty concentrating, and panic attacks occurring three to four times per week. *See, e.g.* Tr. 350; 675; 2000.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal

4

court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

An RFC should reflect the most that a claimant can do despite the claimant's limitations, 20 C.F.R. § 404.1545(a), and should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). At the hearing, the vocational expert (VE) testified that a hypothetical individual with the same vocational background as plaintiff who missed more than one day per month of work would be precluded from working at a substantially gainful activity. Tr. 61. The VE additionally testified that such an individual would be precluded from work if she was off task more than five-percent, or roughly twenty-four minutes, of an eight-hour work day. Tr. 60. After affording the proper weight to the VA's disability rating, substantial evidence does not support the ALJ's conclusion that a limitation to simple, routine, repetitive tasks and only occasional contact with the public and co-workers sufficiently accounts for plaintiff's limitations due to anxiety and panic attacks. Rather, substantial evidence in the record supports a finding that plaintiff could not perform sustained work activities on a regular and continuing basis.

Additionally, the ALJ in this case characterized plaintiff's panic attacks as "persistent" and her concentration as "diminished," Tr. 21-22, but when considering Listing 12.06 the ALJ found plaintiff's restrictions in concentration, persistence, and pace as well as social functioning to be only moderate as opposed to marked or severe. This conclusion is not supported by

5

substantial evidence in the record. *See also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00.F.2 (defining moderate limitation as on which seriously limits a claimant's ability to function in an area independently, appropriately, and effectively). A finding that plaintiff suffered from marked restrictions in social functioning and concentration would have resulted in a finding that plaintiff satisfied the criteria then in place under Listing 12.06(3), which further supports that an award of benefits is appropriate in this instance.[1]

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the Commissioner is REVERSED and this matter is remanded for an award of benefits.

SO ORDERED, this __29__ day of January, 2018.

                                         *Terrence W. Boyle*
                                         TERRENCE W. BOYLE
                                         UNITED STATES DISTRICT JUDGE

---

[1] As the Commissioner correctly noted at the hearing, the issue of whether plaintiff satisfies the Listing criteria under 12.06 was not raised in her motion for judgment on the pleadings, but it was raised in plaintiff's response to the Commissioner's motion for judgment on the pleadings.